**STATE of Missouri, Appellant,**

v.

**Steven Edward EARL, Respondent.**

**No. WD 63713.**

Missouri Court of Appeals,
Western District.

Aug. 17, 2004.

David Andrew Baird, Maryville, for Appellant.

Sydney F. Weybrew, Jr., Maryville, for Respondent.

PAUL M. SPINDEN, Judge.

Because police were deceitful in getting Steven Edward Earl's consent to search him, he asked the circuit court to suppress the contraband found during the search.

The circuit court granted Earl's request. The state appeals. We affirm the circuit court's judgment.

Earl was sitting in a parked car with a woman on June 22, 2003, when Maryville Police Officer Timothy Wilson walked up to the car to investigate a report of suspicious circumstances, possibly a domestic assault. As Wilson talked to Earl and the woman, he smelled alcohol, so he tested Earl for sobriety. Earl "passed" Wilson's test, but he asked Earl for permission to search him. Earl asked why he wanted to search him, and Wilson answered, "Because I have probable cause."[1] Earl responded, "If you've got that then go ahead."

Wilson found a cigarette box containing a hand-rolled marijuana cigarette, a small plastic bag containing methamphetamine residue, and a pipe apparently used to ingest drugs. Wilson arrested Earl, and the prosecuting attorney charged him with two counts of possessing a controlled substance and one count of possessing drug paraphernalia.

We are obligated to sustain the circuit court's suppression of the evidence unless it was clearly erroneous. We must limit our review to determining whether or not the whole record contains sufficient evidence to support the circuit court's ruling. In making that determination we consider all the facts in the light most favorable to the circuit court's order. *State v. McFall,* 991 S.W.2d 671, 673 (Mo.App.1999). The circuit court did not err.

 First, Earl's consent was conditional. He granted Wilson permission to search "if" Wilson had probable cause. Wilson knew that he did not have probable cause to search; hence, he could not have

---

1. Although Wilson disputed that he said this, the circuit court's findings of fact reflect that it believed Earl's version of the event. We must defer to the circuit court's credibility rulings. State v. McFall, 991 S.W.2d 671, 673 (Mo.App.1999).

believed reasonably that Earl had consented knowingly. An officer is not free to conduct a warrantless search on the basis of consent if he has reason to know that the consent was not knowingly granted. *United States v. Cedano–Medina,* 366 F.3d 682, 684–85 (8th Cir.2004) (citing *Illinois v. Rodriguez,* 497 U.S. 177, 185–86, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990)).

The state argues that officers' deceitfulness is permissible and should not be deemed as so coercive as to overcome a voluntary consent. We agree that deceitfulness will not necessarily vitiate consent, but the state overlooks that Earl conditioned his consent on a fact that Wilson knew to be false.

■ Second, Earl's consent was sufficiently coerced to be involuntary. An officer cannot conduct a warrantless search on the basis of consent if he has reason to know that the consent was not voluntarily granted. *Id.*

We find much guidance in *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), in which the U.S. Supreme Court considered whether or not a woman consented to officers' searching her house after they told her that they had a search warrant. The court held "that there can be no consent under such circumstances." *Id.* at 548, 88 S.Ct. 1788. It explained, "When a law enforcement officer claims authority to search a home under a warrant, he announces in effect that the occupant has no right to resist the search. The situation is instinct with coercion—albeit colorably lawful coercion. Where there is coercion there cannot be consent." *Id.* at 550, 88 S.Ct. 1788.

Although *Bumper* involved claims of a search warrant, its analysis is equally applicable to Earl's case. Wilson declared that he had probable cause, and, as was true in *Bumper,* had Wilson had probable cause to search, Earl would not have had any right to resist his search. Hence, Wilson's false declaration coerced Earl into making his conditional consent. In conformity with *Bumper,* we conclude that Earl's consent was coerced and was, therefore, involuntary.

■ Consent must not be coerced, either explicitly or implicitly. "For, no matter how subtly the coercion was applied, the resulting 'consent' would be no more than a pretext for the unjustified police intrusion against which the Fourth Amendment is directed." *Schneckloth v. Bustamonte,* 412 U.S. 218, 228, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

Viewing the record in the light most favorable to the court's order, its decision is supported by sufficient evidence and is not clearly erroneous. We therefore affirm.

EDWIN H. SMITH, Chief Judge, and HAROLD L. LOWENSTEIN, Judge, concur.